UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LARAY J. BENTON, and<br>GEORGIA W. BENTON,<br><br>  Plaintiff,<br><br>v.<br><br>CHATHAM COUNTY<br>GOVERNMENT, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV425-165 |
| LARAY J. BENTON, and<br>GEORGIA W. BENTON,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF PORT<br>WENTWORTH, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV425-210 |

## **ORDER**

  Defendants Chatham County, the Chatham County Board of Commissioners, R. Johnathan Hart, Scott Robichaux, David Johnson, and Phillip McCorkle, have specially appeared and moved for a more definite statement of *pro se* plaintiffs LaRay J. Benton and Georgia W.

1

Benton's Complaint. *See* 4:25-cv-165, doc. 5 (S.D. Ga. Oct. 16, 2025). Defendants the City of Port Wentworth, Port Wentworth Development Authority, Port Wenworth City Council, Steve Davis, Thomas Kilmartin, and Scott Robichaux have filed a nearly identical Motion. *See* 4:25-cv-210, doc. 10 (S.D. Ga. Oct. 16, 2025). Under this Court's Local Rules and the Federal Rules of Civil Procedure, the deadline for plaintiffs to respond in opposition to those Motions was November 3, 2025. *See* S.D. Ga. LR Civ. 7.5; Fed. R. Civ. P. 6(d); *see also* 4:25-cv-165, doc. 5 at 8 (indicating service by U.S. Mail); 4:25-cv-210, doc. 10 at 7 (same). No plaintiff responded. *See generally* docket. Pursuant to the Local Rules, "[f]ailure to respond [to a motion] within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. LR Civ. 7.5. Therefore, both Motions are **GRANTED**, as unopposed. 4:25-cv-165, doc. 5; 4:25-cv-210, doc. 10.

Plaintiffs are **DIRECTED** to file two Amended Complaints, one in each case, by no later than November 24, 2025. The Clerk is **DIRECTED** to enclose copies of Forms Pro Se 1 (Complaint for Civil Case) and Pro Se 15 (Complaint for Violation of Civil Rights (Non-Prisoner)) with this Order for Plaintiffs' convenience. As the Court has previously advised

these parties, since both are proceeding *pro se*, neither may proceed on behalf of any other party.  *See, e.g.,* 4:23-cv-359, doc. 5 at 2-3 (S.D. Ga. Dec. 22, 2023).  Therefore, any Amended Complaint must be signed by both Plaintiffs.  Moreover, Plaintiffs are advised that their amended complaints will supersede all pleadings filed to date and, therefore, must be complete in themselves.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).  The respective amended complaints must comply with Federal Rule of Civil Procedure 8, including its implied prohibition on "shotgun pleadings." *See, e.g., Vibe Micro v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) ("Shotgun pleadings violate Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief, [cit.], by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." (internal quotation marks, citations, and alterations omitted)). They are further advised that failure to timely comply with this Order may result in dismissal of either case for failing to obey a court order or failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

The Court notes that plaintiffs have filed multiple documents asserting "claims," and have attempted to incorporate by reference various exhibits, and pleadings from other cases. *See, e.g.,* 4:25-cv-165, doc. 1-1 at 5 ("Plaintiff recalls, re-alleges, includes by reference, and prays for this honorable Court to take judicial notice of the ongoing and directly related case of *Benton, et al. v. SPH 21, LLC, et al.*, Case No. 1:25-CV-1663, and all of the pleadings documents, exhibits, representations, affidavits, case law, and pleadings therein."); 4:25-cv-210, doc. 1 at 210 ("Plaintiff recalls, re-alleges, includes by reference, and prays for this honorable Court to take judicial notice of the ongoing and directly related case of 1) *Benton, et al. v. SPH 21, LLC, et al.*, Case No. 1:25-CV-1663; and 2) *Benton, et al. v. Chatham County, et al.*, Case No. 4:25-CV-00165-RSB-CLR, and all of the documents, exhibits, representations, affidavits, case law, and pleadings therein, as applicable."), doc. 5 ("Supplemental Statement of Claims Against City Defendants"), doc. 6 ("Second Supplemental Statement of Claims Against the Port Wentworth Development Authority & City of Port Wentworth Defendants."). Because piecemeal pleading and wholesale and apparently continuing incorporation makes it impossible to meaningfully understand, much less

respond, to the pleadings, Plaintiffs may not do so in their amended pleadings. First, and most obviously, "[t]he federal rules do not authorize litigants to submit their pleadings in a piecemeal fashion . . . ; in fact, they contemplate the use of only one complaint per litigant." *Aufderhaar v. Warder*, 2021 WL 7448081, at *4 (M.D. Fla. Nov. 3, 2021) (citations omitted). Second, Plaintiffs may not incorporate entire pleadings, much less "all of the documents, exhibits, representations, affidavits, [and] case law," filed into any other case. *Cf. Government Employees Insurance Company v. KJ Chiropractic Center LLC*, 2016 WL 7229119, at *2 (M.D. Fla. June 8, 2016) ("While [Federal Rule of Civil Procedure] 10 does allow pleadings to incorporate portions of other pleadings by reference, the incorporation of every allegation in [another complaint] into [the operative complaint], even with the attempt to only allege those allegations that pertain . . . , is too vague and conflicts with Rule 8's objective to provide a short and plain statement . . . ."); *Galloway v. City of Abbeville, Ala.*, 871 F. Supp. 2d 1298, 1305 (M.D. Ala. 2012) ("[T]he federal rules allowing for adoption by reference to other pleadings, [cit.], does not allow a party to incorporate by reference an exhibit attached to an abandoned pleading." (citations omitted)). Finally, the amended

5

complaints may not refer to multi-page exhibits generally, much less ranges of such exhibits.  *Compare,* 4:25-cv-165, doc. 1-1 at 8 ("See Exhibits B-E."), *with* doc. 1-2 at 4-44 (Exhibits B-E).  *See, e.g., United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 462 (E.D.N.Y. 2007) (the plaintiff's "failure to specifically identify which portions of the hundreds of pages of exhibits it intends to incorporate by reference into the Amended Complaint makes it impossible for the Court or the defendants to ascertain the nature and extent of the incorporation, and the purported incorporation is therefore invalid.").

**SO ORDERED,** this 7th day of November, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA